UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LORRAINA BUSH,

                Plaintiff,                    MEMORANDUM DECISION
                                            AND ORDER
          - against -                    99 Civ. 2751 (GBD)

MOORGHO, INC., d/b/a "Ranch 1,"

                Defendant.
------------------------------------------------------X
GEORGE B. DANIELS, District Judge:

      Pro se plaintiff Lorraina Bush, an African-American female, brought suit against her

former employer, Moorgho, Inc., d/b/a "Ranch 1," alleging claims of race and gender-based

hostile work environment, race and gender-based discrimination and retaliation, and race-based

disparate treatment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e *et seq.*  Defendant moved for summary judgment, pursuant to Fed. R. Civ. P.

56.  The motion was referred to Magistrate Judge Henry B. Pitman for a Report and

Recommendation ("Report").

      Magistrate Judge Pitman found that plaintiff failed to sufficiently allege the existence of a

hostile work environment based on race or gender.  Magistrate Judge Pitman also concluded that

plaintiff failed to establish a prima facie case of gender-based discrimination or retaliation.  In

addition, Magistrate Judge Pitman found that plaintiff could not establish a prima facie case of

race-based disparate treatment.  Finally, with respect to plaintiff's race-based discrimination and

retaliation claims, Magistrate Judge Pitman determined that plaintiff did not offer proof from

which a rational juror could concluded that defendant's nondiscriminatory reason for terminating

plaintiff was a pretext for discrimination.  Therefore, Magistrate Judge Pitman recommended that

defendant's motion for summary judgment be granted.  Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would result in a waiver of those objections and preclusion of appellate review.  Neither party filed objections and the time to do so has expired.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

To survive summary judgment on her hostile-work-environment claim, plaintiff must "demonstrate either that a single incident was sufficiently severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment."  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (citation and internal quotation marks omitted).  "Incidents that are few in number and that occur over a short period of time may fail to demonstrate a hostile work environment."  Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000) (citation and internal quotation marks omitted).

Here, plaintiff alleges that two of her co-workers directed racial epithets towards her.  She claims that she complained to her supervisor about these remarks, but that nothing was done.  She also alleges that, on three occasions, her supervisor entered the women's bathroom.  She further contends that he rubbed up against her on two occasions.  A hostile working environment,

2

however, requires "a steady barrage of opprobrious racial comments," and "evidence solely of sporadic racial slurs does not suffice."  Williams v. County of Westchester, 171 F.3d 98, 100-101 (2d Cir. 1999) (citations and internal quotation marks omitted).  Moreover, while the conduct of plaintiff's supervisor, if true, was certainly inappropriate, the incidents were not "sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment."  Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006) (citation omitted).  Therefore, Magistrate Judge Pitman's finding that plaintiff failed to sufficiently allege the existence of a hostile work environment is not clearly erroneous.

Next, plaintiff's discrimination, retaliation, and disparate treatment claims are analyzed under the familiar McDonnell Douglas[1] burden-shifting framework.  See, e.g., Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006); Demoret, 451 F.3d at 151.  First, plaintiff must establish a prima facie case of discrimination.  Joseph, 465 F.3d at 90.  Once a prima facie case is established, the burden shifts to the defendant to demonstrate a nondiscriminatory reason for the adverse employment action.  Id.  If the defendant is able to do so, summary judgment is warranted unless plaintiff can prove that the proffered reason was merely a pretext for discrimination.  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004) (citation omitted).

A prima facie case of discrimination is established by showing (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) circumstances giving rise to an inference of discrimination.  See Demoret, 451 F.3d at 151.  To establish a prima facie case of retaliation, plaintiff must demonstrate that:  "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse

---

[1]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity."  Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 608 (2d Cir. 2006) (citation omitted).

Here, with respect to plaintiff's discrimination and retaliation claims based on sex, she fails to meet her burden of establishing a prima facie case.  There is no evidence in the record to infer that plaintiff's discharge was in any way related to her sex.  In addition, and unlike her race-based retaliation claim, plaintiff does not allege that she registered complaints regarding any sexual harassment or discrimination that would provide a basis for retaliation.

Plaintiff also asserts a race-based disparate treatment claim, alleging that non-African-American employees received preferential treatment over African-American employees for training as cashiers.  But plaintiff offers no evidence that she, or any other African-American employee, was treated less favorably than similarly situated non-African-American employees.  See, e.g., Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000) (stating that to raise an inference of discrimination in a disparate treatment claim, the plaintiff must show that the "employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group").

Finally, even where plaintiff may have met her burden of establishing a prima facie case regarding her firing, defendant also satisfied its burden by proffering a nondiscriminatory reason for plaintiff's termination.  Specifically, according to defendant, plaintiff was fired because she slammed a cabinet door on a co-worker's arm, and, later that day, pushed that same co-worker into a counter.  Plaintiff does not deny that these events occurred, and she offers no evidence that defendant's proffered reason for her firing was merely a pretext for discrimination.

Accordingly, Magistrate Judge Pitman's conclusion that plaintiff failed to establish her claims of a hostile work environment, race and gender-based discrimination and retaliation, and of race-based disparate treatment, is not clearly erroneous.

Magistrate Judge Pitman's recommendation that summary judgment be granted in favor of defendant is adopted. Defendant's motion for summary judgment is GRANTED. This case is DISMISSED.

Dated: New York, New York
April 25, 2007

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

5